COZEN O'CONNOR
A Pennsylvania Professional Corporation
William E. Gericke, Esquire
457 Haddonfield Road
Libertyview, Suite 300
P.O. Box 5459
Cherry Hill, NJ  08002-2220
Attorney Identification No.:  057741993
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FITCHBURG MUTUAL INSURANCE COMPANY, as subrogee of PETER & IRENE ANEVSKI, H/W  222 Ames Street  Dedham, MA  02026-1850 | : CIVIL ACTION NO.: : : |
| Plaintiff, | : **JURY TRIAL DEMANDED** |
| v. | : |
| BURLINGTON LANDSCAPING, INC.  100 Saw Mill Road  North Haledon, NJ  07508-2789 | : : : |
| Defendant. | : |

**COMPLAINT**

Plaintiff, Fitchburg Mutual Insurance Company, as subrogee of Peter and Irene Anevski, H/W, by and through its counsel, Cozen O'Connor, hereby demands judgment against Defendant, Burlington Landscaping, Inc., and complains against Defendant as follows:

**PARTIES**

1.   Plaintiff, Fitchburg Mutual Insurance Company ("Fitchburg"), is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 222 Ames Street, Dedham, Massachusetts, and, at all times relevant hereto, was engaged in the insurance business and was licensed to do business in the State of New Jersey.

2. Plaintiff's insureds, Peter and Irene Anevski, H/W ("Anevski"), are adult individuals and residents of the State of New Jersey who, at all times relevant hereto, owned the real and personal property located at 44 Sturbridge Circle in Wayne, New Jersey (the "Property").

3. Defendant, Burlington Landscaping, Inc. ("Burlington"), upon information and belief, is a corporation duly organized and existing under the laws of the State of New Jersey with its principal place of business located at 100 Saw Mill Road, North Haledon, New Jersey, and, at all times relevant hereto, was engaged, *inter alia*, in the landscaping business.

4. Fitchburg issued Policy No. H116465A to Anevski for the period January 4, 2011, to January 4, 2012, to insure the Property.

5. Fitchburg has made payments to Anevski under the aforementioned Policy in an amount in excess of Eight Hundred, Eighty Eight Thousand Dollars ($888,000.00) for damages sustained as the result of a fire that occurred on or about November 16, 2011, at the Property and is subrogated to the rights of its insureds to the extent of its payments pursuant to the terms of the Policy, and now seeks recovery of said payments.

## JURISDICTION AND VENUE

6. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and an amount in controversy which exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the event giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

8. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

9. Prior to November 16, 2011, Anevski engaged Burlington, for good and valuable consideration, to maintain all of the landscaping at the Property.

10. At all time prior to November 16, 2011, Burlington had exclusive custody and control over all aspects of the landscaping at the Property.

11. Prior to November 16, 2011, Burlington installed an in-ground landscaping lighting system at the Property.

12. Prior to November 16, 2011, Burlington was to maintain the in-ground landscaping lighting system ('lighting system"), as part of its overall maintenance of the landscaping at the Property.

13. Prior to November 16, 2011, landscaping debris accumulated in one of the lighting system's in-ground fixtures.

14. As a result of the accumulation of landscaping debris in the lighting system's in-ground fixture, a fire originated at the fixture on or about November 16, 2011.

15. Once the landscaping debris ignited in the in-ground fixture, the fire was able to spread to other portions of the Property.

16. As a direct and proximate result of the aforementioned fire, Anevski's Property was severely damaged and destroyed.

17. As a direct and proximate result of the aforementioned fire, Anevski suffered damage and destruction to their Property in an amount in excess of $888,000.00.

**COUNT I – NEGLIGENCE**

18. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

19. The damage and destruction to Anevski's Property was caused by and resulted from the negligent, careless and/or reckless acts and/or omissions of Burlington, by and through

its agents, subagents, servants, representatives, employees and/or subcontractors acting within the course and scope of their employment.  Said acts and/or omissions consisted of:

      (a)      failing to properly and safely maintain the landscaping at the Property;

      (b)      failing to properly and safely maintain the lighting system at the Property to avoid the hazards of fire;

      (c)      failing to use the proper and necessary components and/or parts in the installation and maintenance of the lighting system at the Property;

      (d)      improperly permitting and/or causing the lighting system to be installed and/or connected at the Property in an unsafe and dangerous manner;

      (e)      failing to detect and correct the unsafe conditions that existed with the lighting system at the Property;

      (f)      failing to take proper and adequate precautions to protect the Property from fire, and/or the hazards of fire;

      (g)      failing to properly and adequately hire, train and supervise its agents, subagents, servants, representatives, employees and/or subcontractors to ensure that proper and safe means, methods, procedures and techniques were used in the installation and/or connection of the lighting system at the Property;

      (h)      failing to properly and adequately hire, train and supervise its agents, subagents, servants, representatives, employees and/or subcontractors to ensure that proper and safe means, methods, procedures and techniques were used in the maintenance of the landscaping at the Property;

      (i)      failing to properly and adequately hire, train and supervise its agents, subagents, servants, representatives, employees and/or subcontractors to ensure that proper and safe means,

methods, procedures and techniques were used in the maintenance of the lighting system at the Property;

(j) failing to warn Anevski of the danger presented to their Property by the use of inadequate means, methods, procedures and techniques in the installation and/or connection of the lighting system at the Property;

(k) failing to warn Anevski of the danger presented to their Property by failing to use the proper and necessary components and/or parts in the installation and/or connection of the lighting system at the Property;

(l) failing to warn Anevski of the danger presented to their Property by the use of inadequate means, methods, procedures and techniques in the maintenance of the landscaping at the Property;

(m) failing to warn Anevski of the danger presented to their Property by the use of inadequate means, methods, procedures and techniques in the maintenance of the lighting system at the Property;

(n) failing to properly and adequately inspect the installation and/or connection of the lighting system at the Property;

(o) failing to properly and adequately inspect the maintenance of the landscaping at the Property;

(p) failing to properly and adequately inspect the maintenance of the lighting system at the Property;

(q) creating an unreasonable risk of fire by failing to safely and properly maintain the landscaping and the lighting system at the Property;

(r) failing to take proper and adequate precautions to prevent the ignition of landscaping debris that Burlington knew or should have known could accumulate in the light fixtures of the lighting system at the Property and ignite;

(s) causing the aforesaid fire;

(t) causing and/or permitting the aforesaid fire to spread to other portions of the Property;

(u) failing to provide and/or observe adequate safety rules and/or regulations;

(v) failing to perform its work in a good and workmanlike manner; and

(w) otherwise failing to use due care under the circumstances.

20. As a direct and proximate result of Burlington's negligent, careless, reckless acts and/or omissions, Anevski suffered damage and destruction to their Property in an amount in excess of $888,000.00.

WHEREFORE, Plaintiff, Fitchburg Mutual Insurance Company, as subrogee of Peter and Irene Anevski, H/W, demands judgment against Defendant, Burlington Landscaping, Inc., for damages in an amount in excess of $888,000.00, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

    Respectfully submitted,
    COZEN O'CONNOR PC


    BY         s/ William E. Gericke
        WILLIAM E. GERICKE, ESQUIRE
        457 Haddonfield Road, Suite 300
        P.O. Box 5459
        Cherry Hill, NJ 08002-2220
        (856) 910-5000 - Telephone
        (856) 910-5075 – Facsimile
        Attorney Identification No.:  057741993
        *Attorneys for Plaintiff, Fitchburg Mutual Insurance Company*