Edward L. Thornton - ID #018281977
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Burlington Landscaping, Inc.
Our File No.  78644 ELT

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FITCHBURG MUTUAL INSURANCE COMPANY, AS SUBROGEE OF PETER & IRENE ANEVSKI, H/W<br><br>             Plaintiff,<br><br>V.<br><br>BURLINGTON LANDSCAPING, INC.<br><br>V.<br><br>CAST LIGHTING, AQUARIUS IRRIGATION, CAST LIGHTING AS SUBSIDIARY OF AQUARIUS IRRIGATION<br>             Defendants. | CIVIL ACTION NO.: 2:13-CV-05973-SRC-CLW<br><br>Civil Action<br><br>**THIRD PARTY COMPLAINT** |

**THIRD PARTY COMPLAINT**

Plaintiff, Fitchburg Mutual Insurance Company, has filed a complaint United States District Court for the District of New Jersey.  A copy of the District Court complaint is attached hereto as **Exhibit "A".**  Defendant/Third Party Plaintiff, Burlington Landscaping, Inc., by way of Third Party Complaint against the Third Party Defendants, Cast Light, Aquarius Irrigation & Cast Light as a subsidiary of Aquarius Irrigation says:

## PARTIES

1. Burlington Landscaping, Inc., an entity located in North Haledon, New Jersey, at times relevant to this matter was engaged in commerce in the State of New Jersey.

2. Fitchburg Mutual Insurance Company is an organization existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Massachusetts and is licensed and was licensed at the time of the incident to engage in the insurance business in the State of New Jersey.

3. Third party defendants Cast Lighting, Aquarius Irrigation and Cast Lighting as a Subsidiary of Aquarius Irrigation, entities located in Hawthorn, New Jersey, at times relevant to this matter were engaged in commerce in the State of New Jersey.

## JURISDICTION AND VENUE

4. Plaintiff, Fitchburg Mutual Insurance Company a/s/o Peter and Irene Anevski, filed this complaint pursuant to 28 U.S.C. § 1332(a)(1) as the action involves a controversy between citizens of different states and an amount in controversy which exceeds $75,000.00.

5. Venue is proper in this district based on 28 U.S.C. § 1391(a) in that the event giving rise to the claim occurred within this district.

## FIRST COUNT

6. Plaintiff, Fitchburg Mutual Insurance Company, alleges that the damage in this case was caused a failure to maintain a light fixture in the front

yard of Peter and Irene Anevski, which caused a fire, causing damage to the home of Anevski.

7.  The light in question was negligently and improperly designed, manufactured, retailed and consisted of improper and insufficient warnings.

8.  The light which was manufactured, designed and retailed by third party defendants fails to comply with the product liability act. N.J.S.A. 2A:58C-1 et. seq.

**WHEREFORE**, the defendant/third party plaintiff demands contribution and indemnification against the third party defendants, Cast Lighting, Aquarius Irrigation, Cast Lighting as a subsidiary of Aquarius Irrigation together with interest and costs of suit pursuant to the Joint Tortfeasors Contribution Act N.J.S.A. 2A:53A-1 et. seq.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Burlington Landscaping, Inc.

By:_____
    Edward L. Thornton

DATED: May 8, 2014

# EXHIBIT "A"

12/02/2013 12:48 PM C236D 23307
Case 2:13-cv-05973-SRC-CLW   Document 11   Filed 05/08/14   Page 5 of 11 PageID: 35
Case 2:13-cv-05973-SRC-CLW   Document 1   Filed 10/08/13   Page 1 of 6 PageID: 1

COZEN O'CONNOR
A Pennsylvania Professional Corporation
William E. Gericke, Esquire
457 Haddonfield Road
Libertyview, Suite 300
P.O. Box 5459
Cherry Hill, NJ 08002-2220
Attorney Identification No.: 057741993
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FITCHBURG MUTUAL INSURANCE COMPANY, as subrogee of PETER & IRENE ANEVSKI, H/W 222 Ames Street Dedham, MA 02026-1850 | : CIVIL ACTION NO.: |
| Plaintiff, | : **JURY TRIAL DEMANDED** |
| v. | |
| BURLINGTON LANDSCAPING, INC. 100 Saw Mill Road North Haledon, NJ 07508-2789 | |
| Defendant. | |

## COMPLAINT

Plaintiff, Fitchburg Mutual Insurance Company, as subrogee of Peter and Irene Anevski, H/W, by and through its counsel, Cozen O'Connor, hereby demands judgment against Defendant, Burlington Landscaping, Inc., and complains against Defendant as follows:

## PARTIES

1.  Plaintiff, Fitchburg Mutual Insurance Company ("Fitchburg"), is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 222 Ames Street, Dedham, Massachusetts, and, at all times relevant hereto, was engaged in the insurance business and was licensed to do business in the State of New Jersey.

12/02/2013 12:48 PM C236D_23307
Case 2:13-cv-05973-SRC-CLW   Document 11   Filed 05/08/14   Page 6 of 11 PageID: 36
Case 2:13-cv-05973-SRC-CLW   Document 1   Filed 10/08/13   Page 2 of 6 PageID: 2

2. Plaintiff's insureds, Peter and Irene Anevski, H/W ("Anevski"), are adult individuals and residents of the State of New Jersey who, at all times relevant hereto, owned the real and personal property located at 44 Sturbridge Circle in Wayne, New Jersey (the "Property").

3. Defendant, Burlington Landscaping, Inc. ("Burlington"), upon information and belief, is a corporation duly organized and existing under the laws of the State of New Jersey with its principal place of business located at 100 Saw Mill Road, North Haledon, New Jersey, and, at all times relevant hereto, was engaged, *inter alia*, in the landscaping business.

4. Fitchburg issued Policy No. H116465A to Anevski for the period January 4, 2011, to January 4, 2012, to insure the Property.

5. Fitchburg has made payments to Anevski under the aforementioned Policy in an amount in excess of Eight Hundred, Eighty Eight Thousand Dollars ($888,000.00) for damages sustained as the result of a fire that occurred on or about November 16, 2011, at the Property and is subrogated to the rights of its insureds to the extent of its payments pursuant to the terms of the Policy, and now seeks recovery of said payments.

## JURISDICTION AND VENUE

6. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and an amount in controversy which exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the event giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

8. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

12/02/2013 12:48 PM C236D 23307
Case 2:13-cv-05973-SRC-CLW   Document 11   Filed 05/08/14   Page 7 of 11 PageID: 37
Case 2:13-cv-05973-SRC-CLW   Document 1   Filed 10/08/13   Page 3 of 6 PageID: 3

9. Prior to November 16, 2011, Anevski engaged Burlington, for good and valuable consideration, to maintain all of the landscaping at the Property.

10. At all time prior to November 16, 2011, Burlington had exclusive custody and control over all aspects of the landscaping at the Property.

11. Prior to November 16, 2011, Burlington installed an in-ground landscaping lighting system at the Property.

12. Prior to November 16, 2011, Burlington was to maintain the in-ground landscaping lighting system ('lighting system"), as part of its overall maintenance of the landscaping at the Property.

13. Prior to November 16, 2011, landscaping debris accumulated in one of the lighting system's in-ground fixtures.

14. As a result of the accumulation of landscaping debris in the lighting system's in-ground fixture, a fire originated at the fixture on or about November 16, 2011.

15. Once the landscaping debris ignited in the in-ground fixture, the fire was able to spread to other portions of the Property.

16. As a direct and proximate result of the aforementioned fire, Anevski's Property was severely damaged and destroyed.

17. As a direct and proximate result of the aforementioned fire, Anevski suffered damage and destruction to their Property in an amount in excess of $888,000.00.

## COUNT I – NEGLIGENCE

18. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

19. The damage and destruction to Anevski's Property was caused by and resulted from the negligent, careless and/or reckless acts and/or omissions of Burlington, by and through

12/02/2013 12:48 PM C236D 23307
Case 2:13-cv-05973-SRC-CLW   Document 11   Filed 05/08/14   Page 8 of 11 PageID: 38
Case 2:13-cv-05973-SRC-CLW   Document 1   Filed 10/08/13   Page 4 of 6 PageID: 4

its agents, subagents, servants, representatives, employees and/or subcontractors acting within the course and scope of their employment. Said acts and/or omissions consisted of:

(a)  failing to properly and safely maintain the landscaping at the Property;

(b)  failing to properly and safely maintain the lighting system at the Property to avoid the hazards of fire;

(c)  failing to use the proper and necessary components and/or parts in the installation and maintenance of the lighting system at the Property;

(d)  improperly permitting and/or causing the lighting system to be installed and/or connected at the Property in an unsafe and dangerous manner;

(e)  failing to detect and correct the unsafe conditions that existed with the lighting system at the Property;

(f)  failing to take proper and adequate precautions to protect the Property from fire, and/or the hazards of fire;

(g)  failing to properly and adequately hire, train and supervise its agents, subagents, servants, representatives, employees and/or subcontractors to ensure that proper and safe means, methods, procedures and techniques were used in the installation and/or connection of the lighting system at the Property;

(h)  failing to properly and adequately hire, train and supervise its agents, subagents, servants, representatives, employees and/or subcontractors to ensure that proper and safe means, methods, procedures and techniques were used in the maintenance of the landscaping at the Property;

(i)  failing to properly and adequately hire, train and supervise its agents, subagents, servants, representatives, employees and/or subcontractors to ensure that proper and safe means,

methods, procedures and techniques were used in the maintenance of the lighting system at the Property;

(j) failing to warn Anevski of the danger presented to their Property by the use of inadequate means, methods, procedures and techniques in the installation and/or connection of the lighting system at the Property;

(k) failing to warn Anevski of the danger presented to their Property by failing to use the proper and necessary components and/or parts in the installation and/or connection of the lighting system at the Property;

(l) failing to warn Anevski of the danger presented to their Property by the use of inadequate means, methods, procedures and techniques in the maintenance of the landscaping at the Property;

(m) failing to warn Anevski of the danger presented to their Property by the use of inadequate means, methods, procedures and techniques in the maintenance of the lighting system at the Property;

(n) failing to properly and adequately inspect the installation and/or connection of the lighting system at the Property;

(o) failing to properly and adequately inspect the maintenance of the landscaping at the Property;

(p) failing to properly and adequately inspect the maintenance of the lighting system at the Property;

(q) creating an unreasonable risk of fire by failing to safely and properly maintain the landscaping and the lighting system at the Property;

12/02/2013 12:48 PM C236D 23307
Case 2:13-cv-05973-SRC-CLW   Document 11   Filed 05/08/14   Page 10 of 11 PageID: 40
Case 2:13-cv-05973-SRC-CLW   Document 1   Filed 10/08/13   Page 6 of 6 PageID: 6

(r) failing to take proper and adequate precautions to prevent the ignition of landscaping debris that Burlington knew or should have known could accumulate in the light fixtures of the lighting system at the Property and ignite;

(s) causing the aforesaid fire;

(t) causing and/or permitting the aforesaid fire to spread to other portions of the Property;

(u) failing to provide and/or observe adequate safety rules and/or regulations;

(v) failing to perform its work in a good and workmanlike manner; and

(w) otherwise failing to use due care under the circumstances.

20. As a direct and proximate result of Burlington's negligent, careless, reckless acts and/or omissions, Anevski suffered damage and destruction to their Property in an amount in excess of $888,000.00.

WHEREFORE, Plaintiff, Fitchburg Mutual Insurance Company, as subrogee of Peter and Irene Anevski, H/W, demands judgment against Defendant, Burlington Landscaping, Inc., for damages in an amount in excess of $888,000.00, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

Respectfully submitted,
COZEN O'CONNOR PC

BY      s/ William E. Gericke
WILLIAM E. GERICKE, ESQUIRE
457 Haddonfield Road, Suite 300
P.O. Box 5459
Cherry Hill, NJ 08002-2220
(856) 910-5000 - Telephone
(856) 910-5075 – Facsimile
Attorney Identification No.: 057741993
*Attorneys for Plaintiff, Fitchburg Mutual Insurance Company*

Case 2:13-cv-05973-SRC-CLW   Document 1-1   Filed 10/08/13   Page 1 of 1 PageID: 7

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Fitchburg Mutual Insurance Company a/s/o Peter & Irene Anevski, h/w

**DEFENDANTS**
Burlington Landscaping, Inc.

**(b)** County of Residence of First Listed Plaintiff   Dedham, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Passaic County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
William E. Gericke, Cozen O'Connor PC, 457 Haddonfield Rd, Ste 300, Cherry Hill, NJ 08002   856-910-5000   wgericke@cozen.com

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332(a)
Brief description of cause:
Defendant negligently and improperly maintain landscaping including but not limited to lighting system

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**   888,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 10/08/2013
SIGNATURE OF ATTORNEY OF RECORD: /s/ William E. Gericke

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____