UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| FITCHBURG MUTUAL INSURANCE COMPANY, as subrogee of PETER & IRENE ANEVSKI, H/W, | Civil Action No. 13-5973 (SRC)(CLW) |
| Plaintiff, | |
| v. | OPINION |
| BURLINGTON LANDSCAPING, INC., | |
| Defendant/Third-Party Plaintiff | |
| BURLINGTON LANDSCAPING, INC., | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| CAST LIGHTING, ACQUARIUS IRRIGATION, CAST LIGHTING as subsidiary of AQUARIUS IRRIGATION, | |
| Third-Party Defendants | |

**CHESLER**, District Judge

      This matter came before the Court upon a motion in limine filed by Plaintiff Fitchburg Mutual Insurance Company ("Fitchburg"), as subrogee of Peter and Irene Anevski, to exclude the testimony of Peter L. Anderson, P.E., a liability expert proffered by Defendant Burlington Landscaping, Inc. ("Burlington"). (Doc. No. 48.) Burlington opposes the motion. (Doc. No. 49.) The Court has reviewed the parties' submissions and proceeds to rule without oral

argument.  See Fed. R. Civ. P. 78(b).  For the reasons stated herein, Fitchburg's motion will be denied.

The underlying matter arises out of a residential fire that occurred on the Anevskis' property on or about November 17, 2011.  The fire began when mulch or other landscaping debris came into contact with an in-ground lighting fixture previously installed by Defendant Burlington.  The fire is alleged to have caused damage to real and personal property located at the residence.  At the time of the incident, Fitchburg insured the residence under a policy of insurance issued to the Anevskis.

In October 2013, Fitchburg commenced this action against Burlington, asserting a single claim for negligence.  Fitchburg alleges that Burlington (1) failed to properly install the lighting fixture in question, by not installing a glass cover on it; and (2) failed to properly recommend to the Anevskis that a glass cover be installed on the fixture.  As a part of its defense, Burlington contends that the residential fire was caused in whole or in part by Third Party Defendant Cast Lighting's allegedly improper design or sale of the lighting fixture.  In support of its contentions, Burlington seeks to offer the expert testimony of Anderson, a mechanical engineer, who opines in his expert report that Cast Lighting's sale of the fixture—with a halogen light bulb but without a glass cover—for use in landscaping constituted an unsafe practice that was causally-linked to the residential fire.  Fitchburg now moves to exclude Anderson's testimony and report, on grounds that Anderson is not qualified to offer an opinion as to whether the lighting fixture in question was sold in a safe and proper manner.[1]  (Doc No. 48-2, Memorandum of Law in

---

[1] In its moving papers, Fitchburg suggests that Anderson's opinion is limited to "how [the Case Lighting light fixture in question] was introduced into the stream of commerce," (Pl. Mov. Br., at 2), quoting a portion of Anderson's deposition testimony.  The totality of Anderson's deposition testimony, the facts and authorities which he cites in his expert report, and the specific conclusions that he draws in the report are sufficient to show that Anderson's proposed opinion testimony in fact addresses (1) the fire hazard posed by the light fixture and (2) the safety of selling such a fixture in light of this purported fact.  To conclude otherwise would be to mischaracterize the conclusions that Anderson draws in his report and to take his statement about the lighting fixture 'entering the

2

Support of Plaintiff's Motion In Limine to Preclude Opinion Testimony at Trial From Peter L. Anderson, P.E. ("Pl. Mov. Br."), 3.)

Federal Rule of Evidence 702 governs the use of expert testimony in federal courts. "Rule 702 embodies three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." Elcock v. Kmart Corp., 233 F.3d 734, 741 (3d Cir. 2000) (citing In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-43 (3d Cir. 1994)). To satisfy the first of these requirements, qualification as an expert, a witness must possess "specialized expertise." Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3d Cir. 2008) (quotation omitted). The Third Circuit has interpreted this requirement "liberally," Thomas & Betts Corp. v. Richards Mfg. Co., 342 F. App'x 754, 761 (3d Cir. 2009), and has stated that its "policy of liberal admissibility of expert testimony extends to the substantive as well as the formal qualification of experts," Pineda, 520 F.3d at 244 (3d Cir. 2008) (citing Paoli, 35 F.3d at 741). Consequently, a "'broad range of knowledge, skills, and training qualify an expert,'" Id. (quoting Paoli, 35 F.3d at 741), and "the basis for a proposed expert's expertise 'can be practical experience as well as academic training and credentials.'" Betterbox Communs., Ltd. v. BB Techs., Inc., 300 F.3d 325, 327 (3d Cir. 2002) (quoting Waldorf v. Shuta, 142 F.3d 601, 625 (3d Cir. 1998)). A proposed expert need not be the "best qualified" or "have the specialization that the court considers most appropriate" in order to satisfy Rule 702's qualification requirement. Thomas & Betts, 342 F. App'x at 761.

In its moving papers, Fitchburg argues that Anderson is not qualified to opine on whether the lighting fixture in question was sold in a safe and proper manner because Anderson is

---

stream of commerce' entirely out of context. Elsewhere in the moving brief, Fitchburg appears to concede this fact, and it argues that Anderson is also "not qualified to offer any opinions on whether or not Case Lighting sold the light fixture in a safe and proper manner." This formulation of Fitchburg's objection more accurately characterizes Anderson's expert opinion and proposed testimony, and the Court will construe Fitchburg's motion as asserting this point only.

licensed and trained as a mechanical engineer, "not . . . an electrical engineer, . . . a warnings expert, . . . [or] a human factors expert." (Pl. Mov. Br., at 8.) Fitchburg offers no reason, however, why a proposed expert whose academic training and credentials are in mechanical engineering necessarily lacks the expertise to opine on whether, based on the combustibility of materials and the amount of heat created by a light source, a lighting fixture containing that light source would pose an unsafe risk of fire due to those materials coming into contact with the light source. Barring this possibility, the fact that Anderson's academic training and credentials are in mechanical engineering, rather than another field, does not per se disqualify him from offering expert testimony on this issue. Fitchburg may not regard Anderson as the "best qualified" to opine on the issue, nor regard his specialization in mechanical engineering as the "most appropriate" for the task, but Rule 702 does not impose such restrictions. In light of the Third Circuit's stated 'policy of liberal admissibility' regarding expert qualifications, as well as the wide range of knowledge, skills, and training that can qualify an expert, this Court is satisfied that Anderson's experience and professional training, including his licensing as a Professional Engineer, and his academic training as a mechanical engineer qualify him to testify about the fire safety of the light fixture as a heat source.

Accordingly, for the foregoing reasons, Fitchburg's motion in limine to exclude the opinion testimony of Anderson at trial will be DENIED. An appropriate order shall issue.

      s/ Stanley R. Chesler
    STANLEY R. CHESLER
  United States District Judge

Dated: January 19, 2017